IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Respondent,                  Cr. No. S-10-0055 KJM

    vs.

GONZALO SERRANO-VILLALOBOS,

          Movant.                    <u>ORDER</u>

_____/

I. BACKGROUND

        On December 5, 2012, the court sentenced movant Gonzalo Serrano-Villalobos to a term of 120 months with a consecutive term of 60 months following his guilty plea to a number of drug charges. ECF No. 98, 100.

        Movant timely appealed his sentence. ECF No. 104. On December 18, 2013, the Court of Appeals affirmed the sentence, rejecting his single argument that this court had erred by refusing to grant a departure on the ground that his criminal history category was overstated and finding that the below-Guidelines sentence was substantively reasonable. ECF No. 141.

/////

/////

On February 5, 2014, movant filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  He alleges counsel's representation at sentencing and on appeal was ineffective in four instances:  (1) counsel did not ensure the court made a finding of the drug quantities attributable to and foreseeable by movant; (2) counsel failed to challenge on appeal this court's failure to state the reasons for running the sentences consecutively; (3) counsel failed to argue at sentencing that the government had engaged in sentencing entrapment; and (4) counsel failed to object to the type of methamphetamine used to calculate the base offense level.

II.  ANALYSIS

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, this court is required to conduct a preliminary review of a motion to vacate a sentence and may dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief . . . ."   A court may dismiss a motion supported only by vague and conclusory allegations.  *United States v. Shah*, 878 F.2d 1156, 1161 (9th Cir. 1989).

The federal law on claims of attorney ineffectiveness is clear:  First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A criminal defendant is entitled to the effective assistance of counsel at sentencing.  *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003).  *Strickland* prejudice is shown if counsel's failures result in an increased sentence.  *Glover v. United States*, 531 U.S. 198, 200 (2001).

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*,  477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989).  In order to demonstrate prejudice in this context, petitioner must demonstrate that, /////

but for counsel's errors, he probably would have prevailed on appeal. *Miller*, 882 F.2d at 1434 n.9.

### A.  Relevant Conduct

Movant argues trial counsel was ineffective by failing to press the court for an explicit finding of the methamphetamine attributable to him, claiming that had counsel pressed, the amount "attributable to him would have been substantially less, which would have in turn reduced his sentence." Mot., ECF No. 142 at 9-10.  Apart from his belief that things would have changed had counsel "insisted on a relevant conduct determination," *id*. at 12, he has not provided any factual underpinnings for his claim.  Movant's conclusory claim is not supported by any discussion of the factual record or the impact a challenge would have had on the court's factual and guidelines determinations.  In the absence of any factual discussion, movant's claim that counsel was ineffective for raising the issue on appeal is also too conclusory to support this ground for relief.  Movant will be given leave to amend this claim, if he is able.

### B.  Consecutive Sentence

Movant also says counsel was ineffective for failing to raise an appellate challenge to this court's failure to state its reasons for imposing a consecutive sentence.

In deciding whether to impose consecutive or concurrent sentences, the court "shall consider . . . the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b).  The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to promote respect for the law, provide just punishment, effect deterrence and protect the public; the kind of sentences available and the Guidelines range; and the need to avoid sentencing disparities, among other things.

In *United States v. Fifield*, the Ninth Circuit said that so long as the district court examines the § 3553(a) factors in imposing the sentence, it need not undertake a separate examination to justify the imposition of a consecutive sentence. 432 F.3d 1056, 1064-65 (9th Cir. 2005).

/////

1    Before sentencing movant, this court considered the significant amounts of
2 controlled substances involved in the offenses; movant's criminal record, his history of drug
3 abuse, and his educational deficits; the fact that movant will almost certainly be deported; and
4 the range of sentences available under the Guidelines and below Guidelines.  Rep. Tr. of
5 12/5/12 at 27-29.   As this is sufficient justification for the consecutive sentence, this claim is
6 dismissed without leave to amend.

   C.  Sentencing Entrapment

   As movant notes, "[s]entencing entrapment occurs where 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment.'"  *United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010) (quoting *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994)).  Movant argues he was "predisposed to distribute only 4 ounce quantities of methamphetamine prior to the government's inducement" and only agreed to attempt to find the larger amounts because of pressure from the informant.  ECF No. 142 at 18.  However, as in *Briggs*, movant's guilty plea constrains what he can raise.  In *Briggs*, the defendant admitted as part of the plea agreement that the conspiracy involved at least 5 kilograms but less than 50 kilograms of cocaine; in this case, movant pleaded guilty to conspiring and possessing to distribute "at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine."  Rep. Tr. 8/22/12 at 38-40, 47-49.  Movant's plea establishes that he was disposed to distribute somewhat greater quantities than his claimed predisposition.

   Moreover, as in *Briggs*, movant presents nothing to suggest "he was incapable of consummating" the proposed drug transactions.  623 F.3d at 730.  Trial counsel did argue that movant had trouble securing the amounts he and his co-defendant had discussed with the informant, but presented no evidence on the question.  Rep. Tr. 12/5/12 at 6-7.  Movant has not suggested there was any evidence to present that would have supported a claim of sentencing entrapment and in fact has pointed to nothing in or outside of the record suggesting a sentencing entrapment argument would have been successful.  Moreover, given his guilty plea to conspiring to distribute at least 500 grams and his below-Guidelines sentence, movant has

4

not shown that a sentencing entrapment argument would have had any impact on his ultimate sentence. He will be given leave to amend this claim, if he is able to do so.

D. D- or L-Methamphetamine

Movant argues because the government did not prove the drugs involved were d-methamphetamine, he is entitled to the lesser sentence based on l-methamphetamine. ECF No. 142 at 22. However, "[i]n 1995, the Sentencing Commission amended the Guidelines to 'delete[] the distinction between d- and l-methamphetamine in the Drug Equivalency Tables in the Commentary to § 2D1.1" and so "[l] methamphetamine is now, in general, treated the same as d-methamphetamine for sentencing purposes." *United States v. Lewis*, 395 F. App'x 411, 413 (9th Cir. 2010) (unpublished)[1] (citation & internal quotation marks omitted). This claim is dismissed without leave to amend. *Salas v. United States*, 1:06-cr-00271-AWI, 2012 WL 3260430, at *5 (E.D. Cal. Aug. 8, 2012) (stating that such a claim should be summarily dismissed).

IT IS THEREFORE ORDERED that

1. Movant's motion to vacate his sentence is dismissed; and

2. An amended motion, limited to the claims that counsel was ineffective in failing to raise claims concerning relevant conduct and sentencing entrapment, is due within thirty days of the date of this order.

DATED: May 22, 2014.

UNITED STATES DISTRICT JUDGE

---

[1] *See* Rule 32.1 of the Federal Rules of Appellate Procedure.

5