1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:10-cr-0055 KJM

12                  Plaintiff,

13        v.                                       ORDER

14   GONZALO SERRANO-VILLALOBOS,

15                  Defendant.

16

17          Defendant Gonzalo Serrano-Villalobos has filed a motion to reduce his sentence

18   pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 192.[1]  Defendant relies on Amendment 782 to

19   U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking

20   offenses.  The Amendment applies retroactively to defendants sentenced prior to its effective

21   date.  *See, e.g., Serrano v. United States,* 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

22          On August 22, 2012, defendant pleaded guilty to charges of conspiracy to

23   distribute and possession with intent to distribute methamphetamine and marijuana, distribution

24   of methamphetamine, distribution of marijuana, possession with intent to distribute

25   methamphetamine, possession with intent to distribute marijuana, and conspiracy to possess with

26   intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  ECF Nos.

27   _____

28   [1] Defendant's motion was referred to the Office of the Federal Defender for the Eastern District
     of California.  The Federal Defender has not sought appointment of counsel in this matter.

                                                    1

18, 82.  On December 5, 2012, he was sentenced to four concurrent 120 month terms and two concurrent 60 month terms to run consecutively to the 120 month terms, for a total of 180 months in federal prison.  ECF No. 100.

Section 1B1.10 of the United States Sentencing Guidelines Manual provides in relevant part:

(a)      Authority.—

(1)      In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)      Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A)      none of the amendments listed in subsection (d) is applicable to the defendant; or

(B)      an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(b)      Determination of Reduction in Term of Imprisonment.—

(1)      In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

/////

/////

/////

(2)         Limitation and Prohibition on Extent of Reduction.—

(A)         Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B)         Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C)         Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S. Sentencing Guidelines Manual § 1B1.10(a)-(b) (2014).

Here, defendant's sentence was based on a commitment offense involving responsibility for possessing and distributing an amount of methamphetamine equivalent to 84,180.456 kg of marijuana.[2]  PSR ¶¶ 20, 21.[3]  At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 38 for that quantity of drugs.  U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2012).[4]  Amendment 782 changes the base offense level for the same quantity of drugs to 36.  U.S. Sentencing Guidelines Manual § 2D1.1(c)(2).  The original guidelines sentencing range for the offenses to which defendant pleaded guilty was

---

[2] The PSR notes that "[t]he calculations are based on the lab report contains [sic] the methamphetamine that was seized on January 28, 2011.  The lab report does not appear to include all the drugs that were seized during the investigation;. . . ."  PSR ¶ 20.

[3] The court has reviewed the September 28, 2012 Presentence Investigation Report (PSR) prepared for defendant's sentencing.  By this order, the court directs that the PSR be filed under seal.

[4] The 2011 edition of the <u>Guidelines Manual</u> was used to calculate defendant's offense level.  PSR ¶ 19.

235 to 293 months.  PSR ¶ 80.  Applying the new base offense level would decrease defendant's

total offense level to 33 with a criminal history category IV, PSR ¶ 80, resulting in a new

guideline sentencing range of 188 to 235 months in prison.  U.S. Sentencing Guidelines Manual,

Sentencing Table (2014).  As noted above, defendant was sentenced to a total of 180 months in

prison, a sentence below the amended minimum guideline range.  The below-Guideline sentence

defendant received was not pursuant to a motion by the government.  *Cf.* U.S. S.G.

§ 1B1.10(b)(2)(B).  Accordingly, the court is not authorized by the Guidelines to reduce

defendant's sentence.  *See* U.S.S.G. § 1B1.10(b)(2)(A).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to file **under seal** the September 28, 2012

Presentence Investigation Report for defendant Gonzalo Serrano-Villalobos; and

2. Defendant Gonzalo Serrano Villalobos's December 12, 2014 motion to reduce

sentence (ECF No. 192) is denied.

DATED:  March 12, 2015.

_____
UNITED STATES DISTRICT JUDGE